**WARFIELD et v STATE**

Ohio Appeals, 9th Dist, Summit Co

No 2446. Decided July 3, 1934

Gottwald, Breiding & Hinton, Akron, for plaintiffs in error.

Ray B. Watters, Prosecuting Atty., Akron, and Stephen J. Wozniak, Asst. Pros. Atty., Akron, for defendant in error.

## OPINION

By STEVENS, J.

As to the first count contained in the affidavits, this court is unable to find any authority for the proposition that the mere possession of liquor is an offense under existing laws.

With reference to the second count, the record discloses that some four or five days prior to the raid in question the defendant Edna P. Warfield had purchased from the Standard Distributors, a licensed wholesale liquor dealer, six bottles of Dixie Belle gin, six bottles of Old Treasure rye whiskey, and three bottles of Ambassador Scotch whiskey; that at the time of said raid, all of said liquors were in the possession of the defendant Edna P. Warfield, in the original containers, with the seals unbroken; and that one bottle of each type of liquor, in its unopened condition, was taken by the sheriff and his deputies at the time of the raid.

The evidence further discloses that the defendant Edna F. Warfield was the holder of a permit for the sale of wine and light beers by the glass, which permit was known as a state of Ohio "D" permit; that she had made written application for a permit to sell liquor, which permit had not yet been issued; and that regulation No. 8 had been issued by the Ohio Liquor Control Commission, reading as follows:

"It is permissible for the holders of 'B' permits heretofore issued by the Ohio Liquor Control Commission, providing such permit-holders are authorized to do so, by the state board of pharmacy, to sell and deliver intoxicating liquor to prospective permittees in Ohio, prior to the final issuance of the permits by the director.

"Under no circumstances, however, may such prospective permittees sell or dispose of any of said intoxicating liquors so received by them until such time as they are actually authorized to do so by the receipt of a permit from this department. Prospective retail permittees are warned against stocking intoxicating liquors beyond their immediate present needs.

"This regulation is effective for a period of thirty (30) days only from the 9th day of January, 1934."

The evidence of said Edna P. Warfield further shows that the sale by said Standard Distributors to said defendant was made during the period of time when said regulation No. 8 was in effect, and in anticipation of the securing of said permit to sell liquor by said Edna P. Warfield; her testimony is corroborated by Watters, the agent who sold said liquor. No other liquor, which the defendant did not have a right to possess, was found in her possession, except a full bottle containing some sort of liquor (the exact character of which is not disclosed) which the evidence shows was found under a table occupied by customers of the club operated by defendant Edna P. Warfield, after the departure of said customers, and which was removed by the waitress and placed in the locker room on the floor. There is no evidence to controvert the testimony offered in connection with that particular bottle of liquor, and

it will be observed that that bottle was full.

It is further apparent from the evidence that, at the time of the confiscation of the liquor taken from said defendant, certain other liquors which had been secured in previous raids upon other places on the same evening were in the car in which the liquor taken from defendants was placed, and the testimony of the witness Gobel shows that he was drinking indiscriminately from the bottles contained in the back end of said car.

The evidence with reference to the other liquors alleged to have been obtained from the defendant Edna P. Warfield is of too indefinite a nature to warrant the conclusion that said liquors were obtained in said place, but the evidence does warrant the conclusion that one bottle each of Dixie Belle gin, Ambassador Scotch whiskey and Old Treasure rye whiskey, together with the full bottle to which reference has been made, were obtained from the Manhattan Club, operated by said defendant Edna P. Warfield.

In the opinion of the court, there is a failure of proof in the required degree to warrant a conviction of these defendants upon the evidence offered. Under the regulations in force, the defendant Edna P. Warfield had a right to have in her possession the amount of liquor which the evidence shows she did have, the legal inhibition being against possessing for sale. Giving to the evidence of the state all of the inferences properly deducible therefrom, we cannot conclude that said evidence shows beyond a reasonable doubt that said liquor was possessed by said defendant for sale.

So far as the participation of the defendant Leroy Warfield is concerned, the evidence does not disclose, except by rather violent inference, that he had anything to do with the operation and maintenance of the Manhattan Club. While it may be true that the reputation of the place in question and of these defendants is such as might properly give rise to a belief that they would probably indulge in the illicit sale of liquor, yet the evidence in this case does not warrant a conclusion that at the time of the raid in question and prior thereto they had been so engaged, or that they did possess the liquor in question for sale.

We therefore hold that, by reason of the failure of proof in this case, the judgment should be reversed and both defendants discharged, and it is so ordered.

WASHBURN, PJ, and FUNK, J, concur in judgment.